**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ERVIN J. EVANS
a/k/a ERVIN THOMPSON,  #180749**

      **Plaintiff,**

**vs.**                                                          **CASE NO. 4:13cv183-RH/CAS**

**RICK SCOTT, et al.,**

      **Defendants.**

**_____/**

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate proceeding pro se, filed a civil rights complaint, doc. 1, and an application to proceed in forma pauperis (IFP).  Doc. 2.  Good cause was found and, based on the monthly deposits in Plaintiff's inmate bank account, he was assessed a $1.50 initial partial filing fee.  Doc. 5.  Plaintiff has now filed a "notice" to the Court which is deemed to be a request to proceed without payment of the partial filing fee. Plaintiff contends, without submitting a printout of his bank account, that he lacks funds to pay the assessed partial filing fee.  Doc. 6.  It is noted that the account balance on Plaintiff's last statement, doc. 2-1, was zero.  Plaintiff generally had a zero balance in his account except for one $45.00 deposit in early January 2013.  Doc. 2-1 at 8.

Plaintiff's notice, however, also raised concerns that Plaintiff may not be entitled to in forma pauperis status at all because his notice contends that "the courthouse doors are open even to those who have filed three frivolous suits and do not have a penny to thier [sic] name." Doc. 6 at 1. Plaintiff's complaint did not address the question as to whether Plaintiff had any prior actions "dismissed as frivolous, malicious, failing to state a claim, or prior to service." Doc. 1 at 4. While he answered other questions on the form, that question was conspicuously left blank. *Id.*

Judicial notice is taken Plaintiff[1] has previously filed numerous cases which should have been disclosed on the complaint form. Of particular importance is the fact that Plaintiff initiated case number 4:09cv10009 in the Southern District of Florida, and it was dismissed on the Defendant's motion to dismiss pursuant to "the 'three strikes' provision" of 28 U.S.C. § 1915(g). Docs. 43 and 51. The report and recommendation, doc. 43, entered in that case pointed out that Plaintiff was issued a prior "strike" in case number 1:98cv01852, which was dismissed under Heck v. Humphrey, 512 U.S. 477 (1994) on February 1, 1999. Doc. 43 at 2-3. A second "strike" was issued for case number 4:09cv10027, which was dismissed under § 1915(e)(2)(B). Plaintiff also had three "strikes" from the Middle District of Florida for case number 2:97cv214, case number 2:97cv272, and case number 2:98cv257, which was dismissed as an abuse of the judicial process. Doc. 43 at 3-4, case number 4:09cv10009. Thus, Plaintiff knew in 2009 when case 2:98cv257 was dismissed that he was barred from proceeding with in forma pauperis status unless he was under imminent danger of serious physical injury.

---

[1] Plaintiff's identity is verified by the Department of Corrections inmate number of 180749 since Plaintiff has used the name Ervin Evans and Ervin Thompson.

Plaintiff's allegations in the complaint concern a general complaint that there is

"not enough staff security to ensure inmates [Plaintiff] rights are not violated by other

inmates."  Doc. 1 at 5.  Plaintiff generally asserts the *possibility* of inmates being in

danger from other inmates, but Plaintiff does not specifically allege that he is under

imminent danger from any particular inmate or guard, not does Plaintiff allege that he

has been specifically threatened.  *Id.*  A claim which challenges lack of security in

general at a prison facility does not present allegations which show that *this* Plaintiff is

in imminent danger of serious physical injury.  Furthermore, two of the named

Defendants (Governor Rick Scott and DOC Secretary Michael Crews) are not physically

located with Plaintiff and, thus, Plaintiff could not be in danger from them.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April

26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under

28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained
> in any facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As detailed above, Plaintiff has had at least three prior dismissals

and review of his complaint reveals that he is not under imminent danger of serious

physical injury.  Therefore, the prior Order which granted Plaintiff's request to proceed

in forma pauperis is vacated, the in forma pauperis should be denied and this case

should be summarily dismissed.  The dismissal should be without prejudice as Plaintiff

may re-file this action and present these same allegations in a complaint for which he

simultaneously pays the full $350.00 filing fee at the time of case initiation.  *See* <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that the Order which erroneously granted Plaintiff's motion to proceed in forma pauperis, doc. 5, be **VACATED,** Plaintiff's in forma pauperis motion, doc. 2, **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice.  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 24, 2013.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv183-RH/CAS